UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 17, 2013

LETTER TO COUNSEL:

      RE:    *Elizabeth Manley v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-1249

Dear Counsel:

On April 24, 2012, the Plaintiff, Elizabeth Manley, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Manley's reply. (ECF Nos. 14, 18, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Manley filed her claim for benefits on February 13, 2008, claiming disability beginning on August 13, 2007. (Tr. 133-37). Her claim was denied initially on May 8, 2008, and on reconsideration on November 17, 2008. (Tr. 75-80). An Administrative Law Judge ("ALJ") held a hearing on February 25, 2010. (Tr. 30-55). Following the hearing, on April 8, 2010, the ALJ determined that Ms. Manley was not disabled during the relevant time frame. (Tr. 58-74). The Appeals Council denied Ms. Manley's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Manley suffered from the severe impairments of major depression, panic disorder, hypertension, diabetes mellitus, obesity, and chronic back pain. (Tr. 63). Despite these impairments, the ALJ determined that Ms. Manley retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c), except the claimant is able to perform work activities involving simple, short instructions, that are repetitive in nature and involve routine tasks. The claimant can tolerate no more than occasional interaction with others, with few changes in work setting.

(Tr. 65). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Manley could perform her past relevant work as a bus cleaner, and that she was therefore not disabled during the relevant time frame. (Tr. 70).

Ms. Manley presents two arguments on appeal: (1) that the ALJ erred in determining that she could perform her past relevant work as a bus cleaner; and (2) that the ALJ erred in making an adverse credibility determination. Each argument lacks merit.

First, Ms. Manley submits that the ALJ erred in finding her capable of her past relevant work as a bus cleaner. Essentially, Ms. Manley contends that the ALJ failed to consider the continuing effects on her mental health of the mistreatment she had experienced at her job, and the restrictions that those continuing effects would have on her ability to sustain employment. Pl. Mot. 10-15. In support of her contention, Ms. Manley cites opinion evidence from (1) her therapist, Joanne Faber, and (2) a physician with the Office of the State Medical Director, Dr. Lyons. Pl. Mot. 11-12. The reports cited by Ms. Manley indicated ongoing mental health issues. However, Ms. Manley's argument misapprehends the ALJ's ruling. The ALJ did not attribute all of Ms. Manley's mental health impairments to her situational experience at her prior workplace. To the contrary, the ALJ made affirmative findings that Ms. Manley had moderate difficulties in social functioning and in concentration, persistence, or pace. (Tr. 64). The ALJ addressed those difficulties by including multiple restrictions in Ms. Manley's RFC, including limitations to "work activities involving simple, short instructions that are repetitive in nature and involve routine tasks," limitation to "no more than occasional interaction with others," and the limitation to "few changes in work setting." (Tr. 65). In sum, while the ALJ found Ms. Manley's depression continued to impose mild to moderate limitations on her social and cognitive functioning, those limitations were not to such an extent that they completely disabled her from working.

In addition, the ALJ adequately addressed the opinions cited by Ms. Manley. The ALJ noted that Ms. Faber is not an acceptable medical source as a licensed clinical professional counselor (Tr. 69), and that her opinion is inconsistent with her own assessed GAF score indicating only moderate symptoms. *Id.* In addition, Ms. Faber had also noted, in prior correspondence, the link between Ms. Manley's symptoms and her harassment and stress in her prior workplace. *Id.* With respect to Dr. Lyons's assessment, the ALJ noted that Dr. Lyons was considering whether Ms. Manley could return to her actual former workplace, not whether she was capable of performing her past relevant work. *Id.* The ALJ properly declined to consider the harassment in considering Ms. Manley's ability to perform her past relevant work. In light of the evidence cited by the ALJ, including Ms. Manley's testimony about her activities of daily living, her educational records, and treatment notes from her physicians, (Tr. 66-67), I find the ALJ's conclusion to be supported by substantial evidence.

Finally, Ms. Manley protests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater,* 76 F.3d at 594. First, there must be objective medical

evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work ." *Id.* at 595. The ALJ followed that process in this case. The ALJ's opinion cites Ms. Manley's attendance at school, her role in caring for her grandchildren, her independence in driving, personal hygiene, and daily tasks, and her ability to interact with others as evidence inconsistent with her allegations of disability. (Tr. 66). In addition, the ALJ cited medical records showing that Ms. Manley's mental health issues were controlled by medication, *id.,* and Ms. Manley's own testimony that her mental symptoms were exacerbated by the stressful work situation she experienced in 2007. *Id.* Finally, the ALJ noted a lack of medical evidence establishing any significant limitations from Ms. Manley's panic attacks. (Tr. 67). The ALJ's citation to substantial evidence renders remand unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge